UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA


**Case Number:  06-22593-CIV-MORENO**

LIOUBOV GRINBERG, BORIS L. GRINBERG,
MARIA GRINBERG, & BORIS J. GRINBERG,

      Plaintiffs,

vs.

LINDA SWACINA, Director, Miami Office, U.S.
Citizenship & Immigration Services; ALBERTO
GONZALES, Attorney General of the United
States; MICHAEL CHERTOFF, Secretary of
Homeland Security; EMILIO GONZALEZ,
Director U.S. Citizenship & Immigration
Services; and EVELYN UPCHURCH, Director,
Texas Service Center, U.S. Citizenship &
Immigration Services,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS


Plaintiff is a foreign citizen who seeks an order compelling the representatives of a United

States government agency to adjudicate his application for adjustment of status to become a

permanent United States resident.[1]

Without any Eleventh Circuit law addressing the immigration issue presented here, this Court

elects to follow the majority of courts that have dismissed similar actions for lack of subject matter

---

[1]Four Plaintiffs originally brought this suit:  Lioubov Grinberg, Boris L. Grinberg, Maria Grinberg, and Boris J. Grinberg.  However, after this action commenced, Defendants submitted a Report to the Court stating they have approved the applications of Lead Plaintiff Lioubov Grinberg, and Plaintiffs Maria Grinberg and Boris J. Grinberg.  Therefore, as to those Plaintiffs, Defendant's Motion to Dismiss is denied as moot.  This opinion addresses the remaining application of Plaintiff Boris L. Grinberg, Lioubov Grinberg's husband.

jurisdiction, under the rationale that Sections 242 and 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii) (2006), as amended in 2005, preclude judicial review of any discretionary "decision or action" of the Attorney General in immigration matters. See Safadi v. Howard, No. 1:06CV1055, 2006 WL 3780417 (E.D. Va. Dec. 20, 2006); Alkenani v. Barrow, 356 F. Supp. 2d 652 (N.D. Tex. 2005); Maldonado-Coronel v. McElroy, 943 F. Supp. 376 (S.D.N.Y. 1996); Zheng v. INS, 933 F. Supp. 338, 341 (S.D.N.Y. 1996); Zaytsev v. Gartner, No. 04 Civ. 7101, 2004 WL 2251665 (S.D.N.Y. Sept. 24, 2004). These courts have held that this phrase includes the pace at which immigration decisions are made. See Safadi, 2006 WL 3780417, at *2. Accordingly, they have reasoned that neither *mandamus* jurisdiction pursuant to 28 U.S.C. § 1361 nor the Administrative Procedure Act ("APA") in conjunction with 28 U.S.C. § 1331 confer jurisdiction to compel adjudication. Id. at *4. This Court agrees.

Further, this Court concludes that if Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation in 8 U.S.C. § 1255(a), as it did in 8 U.S.C. § 1447(b). Section 1447(b) provides for a 120 day time limit to make a determination on a naturalization application after an examination is conducted. 8 U.S.C. § 1447(b) (2006). That Congress did not do so here reflects its intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review. While this Court acknowledges Plaintiff's frustration from waiting indefinitely in "immigration limbo" for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy.

# BACKGROUND

Lioubov Grinberg, Boris L. Grinberg, Maria Grinberg, and Boris J. Grinberg, citizens of Russia, were non-permanent United States residents when they initiated this action for *mandamus* relief to compel Defendants to adjudicate their applications for adjustment of immigration status.   Only the application of Plaintiff Boris L. Grinberg currently remains pending.  On June 21, 2001, the Grinbergs filed Forms I-485 with the Immigration and Naturalization Service ("INS")[2] to become lawful permanent residents of the United States under Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a).  Lioubov Grinberg was seeking to adjust her status as a skilled worker or professional pursuant to 8 U.S.C. § 1153(b)(3)(A)(i), while her husband and children sought adjustment as an "accompanying" spouse, 8 U.S.C. § 1153(d), and "accompanying" children, id.  Since 1997, Mrs. Grinberg has been employed as a Russian Student Advisor at the American Heritage School, which serves communities west of Fort Lauderdale.

On November 6, 2001, USCIS transferred the Grinbergs' applications to an office in Miami, Florida for processing.  The USCIS requested that the FBI review the Grinbergs' records and report any relevant information on January 6, 2003.  On January 16, 2004, the Grinbergs attended their scheduled adjustment of status interview at the Miami District Office.  In February of 2004, they provided the Miami District Office with additional requested documents and fingerprint results.   Despite repeated assurances that the Grinbergs' applications were being

---

[2] As of March 1, 2003, the former INS ceased to exist as an agency within the Department of Justice, and its service and benefit functions including adjustment of immigration status was transferred to the USCIS within the Department of Homeland Security.

processed, at the time of the filing of the Complaint, over five years had elapsed since the INS issued receipts for their applications, and three years since their interviews at the Miami office. Defendants had claimed that the Grinbergs' background checks were continuing based on "unresolved questions" as to the lead applicant, Lioubov Grinberg.  On March 11, 2007, Defendants filed a Report to the Court, which states that they have approved the applications of Lioubov Grinberg and her two children, Maria Grinberg, and Boris J. Grinberg.  Defendants now maintain that as to the still pending application of Boris L. Grinberg, the USCIS "requires additional time to conduct its investigation and make necessary contact with entities outside of the USCIS."

## SUBJECT MATTER JURISDICTION

Plaintiff does not ask this Court to redress a violation of the United States Constitution. Rather, this action arises under federal statute.  See 28 U.S.C. § 1331 (2006).

The Complaint alleges that the Court has jurisdiction pursuant to (1) 5 U.S.C. § 701 *et seq.*, i.e., the Administrative Procedure Act ("APA"); (2) 28 U.S.C. §1331 (federal subject matter jurisdiction); (3) 28 U.S.C. §1361 (*mandamus* jurisdiction); and (4) 28 U.S.C. §§ 2201, 2202, i.e., the Declaratory Judgment Act.

Defendants argue that Congress has not conferred jurisdiction upon the Court to grant the relief requested.  This Court agrees.  Section 245 of the INA, as amended, provides that the decision to adjust an alien's status to lawful permanent resident lies solely within the discretion

-4-

of the Attorney General and "under such regulations as he may prescribe."  8 U.S.C. § 1255(a)

(2006).  This provision "places the adjustment of immigration status within the discretion of the

Attorney General," but remains silent as to the pace of adjudication.  Id.

Section 242(a)(2)(B)(ii) of the INA further supports the proposition that Congress

intended to divest courts of jurisdiction to review USCIS matters.  This section provides, in

pertinent part, that "no court shall have jurisdiction to review . . . any other decision or action of

the Attorney General or the Secretary of Homeland Security . . . ."  8 U.S.C. § 1252 (a)(2)(B)(ii)

(2006).  Plaintiff contests the applicability of section 242, arguing that this provision applies only

to judicial review of USCIS decisions, while here, the USCIS has not made a decision on

Plaintiff's application.

However, Plaintiff fails to address directly the implications of the word "action."  While

there is little dispute that a court is prohibited from reviewing an adjustment of status decision, at

issue between the parties is whether Congress intended the pace at which an adjustment of status

application is processed to come within the ambit of a discretionary, and hence non-reviewable,

"action."  In granting Defendants' Motion to Dismiss, this Court finds that Congress intended to

include the pace within its discretionary function.

While the Eleventh Circuit has not yet decided this issue, in Safadi v. Howard, No.

1:06CV1055, 2006 WL 3780417 (E.D. Va. Dec. 20, 2006), the United States District Court for

the Eastern District of Virginia recently held that the term "action," as used in section

242(a)(2)(B)(ii), "encompasses any act or series of acts that are discretionary within the

adjustment of status process," including the pace of this process.  Id. at *2.  The Safadi court

-5-

rejected the plaintiff's argument that the phrase "decision or action" pertained only to the result of the adjudications.  Id. at *3.  The court concluded that plaintiff's argument would "impermissibly render the word 'action' superfluous."  Id.  Safadi presents a set of facts uniquely similar to the case at bar.  2006 WL 3780417.  In Safadi, a citizen of Lebanon sought to compel the USCIS to adjudicate his application to adjust to permanent resident status after waiting four years.  Id. at *1.  The court held that section 242(a)(2)(B)(ii) expressly prohibited the court from asserting jurisdiction.  Id. at *4 (finding no jurisdiction under the APA or § 1361).

Plaintiff distinguishes Safadi by pointing out that the application in that case was pending for only four years, while here, the Grinbergs have waited over five years since filing their applications and three years since their interviews at the Miami district office.  This Court finds this fact alone insufficient to invoke jurisdiction in the present case.  Plaintiff also states that, unlike Safadi, Defendants in the instant case have not provided an affidavit to assure them that the applications are being processed; thus, there is no "pace" at all.  Defendants here, however, included in their Reply an affidavit from Rosalinda Fernandez from the Miami District of the USCIS.  In her affidavit, Ms. Fernandez stated that "it is anticipated that a decision on the Grinberg family's application for adjustment of status will be rendered."  And even more compelling is the fact that Defendants have since approved the applications of the other members of the Grinberg family.  In light of these submissions, Plaintiff fails to distinguish Safadi on its facts.

### *MANDAMUS* JURISDICTION

Plaintiff submits that this Court has jurisdiction pursuant to 28 U.S.C. § 1361.  The party seeking *mandamus* has the burden of demonstrating "that its right to issuance of the writ[3] is clear and indisputable."  Will v. United States, 389 U.S. 90, 96 (1967) (internal quotations and citation omitted).  "Mandamus is an extraordinary remedy which should only be utilized in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003).  To obtain *mandamus* relief, a petitioner must demonstrate (1) a clear right to the relief sought; (2) the respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available. Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003) (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984)).  Defendants, however, have no clear duty to adjudicate this application within a particular time.  Furthermore, section 242(a)(2)(B) expressly prohibits *mandamus* relief for "any other decision or action of the Attorney General."  The provision provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 [of Title 28] . . . no court shall have jurisdiction to review [any other decision or action of the Attorney General]. . . ."  8 U.S.C. § 1252(a)(2)(B) (emphasis added).  This Court follows the logic of Safadi in holding that the term "action" encompasses delays in the process and precludes *mandamus* relief.  Therefore, section 242(a)(2)(B) precludes *mandamus* jurisdiction over this matter.

---

[3]The common law "writ of mandamus" was abolished pursuant to Federal Rule of Civil Procedure 81(b), and is now codified by 28 U.S.C. § 1361.

In a case like the one at bar where Plaintiff seeks to use the Court's *mandamus* jurisdiction to compel action but not to direct the exercise of judgment or discretion, *mandamus* jurisdiction is coextensive with the remedies available under the APA.  Gemini Realty, Inc. v. Gonzalez, No. 6:06-cv-786-Orl-19DAB, 2006 U.S. Dist. LEXIS 74194, at *7 (M.D. Fla. Oct. 11, 2006).  Courts apply the same principles and standards both to determine jurisdiction and to assess the merits of both claims.  Id. (internal quotations and citations omitted).  Therefore, this Court addresses Plaintiff's claim under the APA.


### THE APA IN CONJUNCTION WITH § 1331


Plaintiff alleges that the Court has jurisdiction under the federal question statute and the APA.  As Plaintiff concedes, the APA does not provide the Court with an independent basis for subject matter jurisdiction.  See Califano v. Sanders, 430 U.S. 99, 106-07 (1977).  If at all, subject matter jurisdiction is proper under the APA only in combination with the Court's federal question jurisdiction under 28 U.S.C. § 1331.  14A Charles Alan Wright, Arthur C. Miller & Edward H. Cooper, Federal Practice and Procedure § 3659, at 51 (3d ed. 1998).  The federal question statute confers jurisdiction on the district courts over actions "arising under" federal law.  28 U.S.C. § 1331.

For purposes of this matter, the relevant federal law provision is section 6 of the APA, which provides, in pertinent part: "With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to

-8-

conclude a matter presented to it." 5 U.S.C. § 555(b) (2006) (emphasis added). Pursuant to section 706(1), a court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (2006); Atlantic & Gulf Stevedores, Inc. v. Donovan, 274 F.2d 794, 802 (5th Cir. 1960). Plaintiff submits that Defendants' violation of section 555(b) brings this action within the ambit of the federal question statute. There is a well settled presumption in favor of interpreting statutes to allow judicial review of administrative action. E.g., Yu v. Brown, 36 F. Supp. 2d 922, 933 (D.N.M. 1999) (J. Vazquez). This presumption may be overcome, however, if there is clear evidence of Congressional intent to preclude judicial review. Id. at 934. Clear evidence of such intent is found here, where Congress has specifically provided for a 120 day limit for naturalization determinations but no time limit for adjustment of status for permanent residency.

The APA does not supercede the express provisions of 28 U.S.C. § 1252(a)(2)(B)(ii). In fact, the APA itself precludes judicial review of the adjustment status process when it provides "[t]his chapter applies . . . except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a) (2006). Second, the APA does not apply where "agency action is committed to agency discretion by law." Id. § 701(a)(2). The issue is whether section 242(a)(2)(B)(ii) of the INA precludes judicial review of the pace of processing Plaintiff's Form I-485. This Court follows the logic of Safadi and holds that the term "action" refers to the entire process, including its pace. See Safadi, 2006 WL 3780417, at *2. Therefore, the APA defers to section 242(a)(2)(B)(ii) of

the INA.  This Court lacks jurisdiction over this matter, and the case is dismissed.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of March, 2007.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel and Parties of Record

---

[4]Because this Court is dismissing this case on jurisdictional grounds, it does not address the issue of whether Plaintiff has stated a viable claim.